IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-510-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ODYSSEY MARKETING GROUP, INC., | ) | |
| RODERICK JAMES MACKENZIE, TERRI A. | ) | |
| MACKENZIE, XZONDRIA DENISE BROWN, | ) | |
| AND SONIA IVELISSE WRIGLESWORTH, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on co-defendants Odyssey Marketing Group, Inc., Terri A. MacKenzie, and Roderick James MacKenzie's joint motion to dismiss the complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6). The appropriate responses and replies have been filed, and the matter is ripe for ruling. For the following reasons, defendants' motion is DENIED. [DE 15].

## BACKGROUND

Plaintiff, United States of America, brought suit against defendants for submission of false claims under the False Claims Act, false statements to get a claim paid under the False Claims Act, conspiracy to get a false claim paid under the False Claims Act, payment under mistake of fact/restitution, and unjust enrichment/restitution. Defendant Odyssey Marketing Group, Inc. (hereinafter "Odyssey") is a Georgia-based company, which was hired to provide services to the United States Army at Fort Bragg in Fayetteville, North Carolina, as well as other bases. Defendants Terri and Roderick MacKenzie are the president and vice president of

Odyssey, respectively. Odyssey and the MacKenzies filed a joint motion to dismiss under Federal Rules of Civil Procedure 9(b) and 12(b)(6).

DISCUSSION

I. Rule 9(b)

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for fraud or mistake, requiring a party to "state with particularity the circumstances constituting fraud or mistake," but allowing state of mind to be pled generally. Fed R. Civ. P. 9(b). The Fourth Circuit has held that this "more stringent particularity requirement" commands a plaintiff bringing a claim under the False Claims Act to "describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States v. Triple Canopy, Inc.*, 775 F.3d 628, 634 (4th Cir. 2015) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008)). However, while claims of fraud or mistake do have a heightened pleading standard, "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *United States ex rel. Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999).

Here, plaintiff has pled sufficient facts to meet the Rule 9(b) standard. First, plaintiff's complaint "describe[s] the time, place, and contents of the false representations." *Triple Canopy*, 775 F.3d at 634. Plaintiff has provided specific contract numbers which it claims "were false and supported by false records and false statements," including contracts 0208, 0016, and 0049. [DE 1, para. 152]. Plaintiff also provided details concerning specific false invoices, providing several

2

as exhibits and thus establishing the time, place, and contents of these false representations as well. [DE 1-22, 1-25, 1-26, 1-27]. Plaintiff also described an allegedly false utility payment claim made on April 2, 2010 for $712,418.85. [DE 1, para. 140–42]. From the information in plaintiff's complaint, defendants are on notice of the time, place, and contents of the allegedly false representations.

Second, plaintiff's complaint adequately describes "the identity of the person(s) making the misrepresentation." *Triple Canopy*, 775 F.3d at 634. Each of the three contracts at issue was made with movant defendant Odyssey, of which movant defendants Terri and Roderick MacKenzie are executives. [DE 1, para. 152]. The allegedly false invoices were also submitted by Odyssey. [DE 1, para. 119]. Plaintiff alleges the personal involvement of both MacKenzies as well, including claims that Ms. MacKenzie submitted "at least five fraudulent invoices" and that both MacKenzies were involved in the creation of contract 0208. [DE 1, para. 158].

Finally, plaintiff's complaint describes what those defendants making the alleged misrepresentations "obtained thereby." *Triple Canopy*, 775 F.3d at 634. Plaintiff has discussed at length the contracts at issue, including which resulted in payments, as well as the amounts received from allegedly fraudulent invoices and the utility payment.

In short, though it is likely there will be additional factual development to come in discovery, plaintiff's complaint satisfies Rule 9(b)'s heightened pleading standard. From the complaint, defendants are certainly "made aware of the particular circumstances for which [they] will have to prepare a defense at trial," and it is apparent plaintiff "has substantial prediscovery evidence of those facts." *Harrison*, 176 F.3d at 784. Accordingly, Rule 9(b) is satisfied.

3

II. <u>Rule 12(b)(6)</u>

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a matter if it fails "to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When acting on the motion, the Court is to "view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). However, the Court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

As described above, though additional facts may need to be developed through discovery, plaintiff has fulfilled its obligation "to provide the 'grounds' of [its] 'entitle[ment] to relief'" and not just plead "labels and conclusions." *See Twombly*, 550 U.S. at 555 (citations omitted). Therefore, accepting as true all of plaintiff's allegations as the Court is required to do at this stage of the proceedings, the Court finds that plaintiff has satisfied Rule 8 of the Federal Rules of Civil Procedure and has alleged enough facts to state a facially plausible fraud claim.

Defendants' motion to dismiss under Rule 12(b)(6) is denied. Thus, defendants' motion fails under both Rules (9)(b) and 12(b)(6).

## CONCLUSION

For the reasons above, defendants' motion to dismiss is DENIED. [DE 15].

SO ORDERED, this 16 day of February, 2016.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE