IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-510-BO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>      Plaintiff,<br><br>v.<br><br>ODYSSEY MARKETING GROUP, INC.,<br>RODERICK JAMES MACKENZIE, TERRI<br>A. MACKENZIE, XZONDRIA DENISE<br>BROWN, AND SONIA IVELISSE<br>WRIGLESWORTH,<br>      Defendants. | O R D E R |

This cause comes before the Court on the government's motion for reconsideration of the Court's order entered on the docket on June 8, 2017. [DE 128]. The appropriate response and reply have been filed and the matter is ripe for ruling. For the reasons that follow, the government's motion is granted in part.

## DISCUSSION[1]

Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise any order entered prior to entry of final judgment. The decision to do so lies within the discretion of the court, which is not bound by the strict standards applicable to requests to reconsider final judgment but which should be guided by the principles of the doctrine of law of the case. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Boston Sci. Corp.*, 856

---

[1] The Court incorporates by reference as if fully set forth herein the factual background as set out in its 8 June 2017 order.

F.3d 320, 325 (4th Cir. 2017) (internal quotation, alterations, and citation omitted) (noting similarity of this standard to that applicable to Rule 59(e) motions except that law-of-the-case standard allows for new evidence discovered during litigation as opposed to evidence not available at trial to serve as basis for reconsideration motion).

The government has presented no new evidence or change in law in support of its motion. Although the government seeks reconsideration in the Court's discretion to avoid a waste of judicial resources and unnecessary trials, the government must demonstrate a clear error causing manifest injustice to justify reconsideration. The government argues that, only as to the portion of the order which granted summary judgment in favor of the Odyssey defendants regarding scienter and damages, the Court misapplied the summary judgment standard and genuine issues of material fact as to those issues, at least as to the pre-contract shipping and hosting platform claims. To demonstrate that a court committed a clear error which would result in manifest injustice, the decision must be "dead wrong," not "just maybe or probably wrong; it must ... strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info Sys. & Networks Corp.*, 1995 WL 520978, *5 n. 6 (4th Cir. 1995)).

The Court has reviewed the submissions of the parties and its order on summary judgment and cannot conclude that its decision in this matter was dead wrong. Although the Court viewed the evidence presented in the light most favorable to the nonmoving party, for purposes of the rulings at issue here the government, it found that the government had failed to come forward to create a genuine issue of material fact as to whether the Odyssey defendants acted with scienter and whether the government suffered any damages as a result of any alleged fraud. The government's argument in support of reconsideration has failed to convince the Court

otherwise. However, in consideration of the consent of the Odyssey defendants and the relevant factors, the Court will certify its June 8, 2017, order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Section 1292(b) provides that

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

This Court is of the opinion that its order involves a controlling question of law as to which there is substantial ground for difference of opinion and, most salient here, that an immediate appeal from this order will materially advance the ultimate termination of the litigation. *See State of N.C. ex rel. Howes v. W.R. Peele, Sr. Tr.*, 889 F. Supp. 849, 853 (E.D.N.C. 1995) (question may be controlling if interlocutory reversal might save time and expense at the district court level); *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000) (whether there is a controlling question of law is closely connected to whether certification would materially advance termination of the case). The Court recognizes that the Fourth Circuit has recently held that a "§ 1292(b) review is not appropriate where, for example, the question presented turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case", *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 341 (4th Cir. 2017) (citation omitted), but it will permit the parties to present this issue to the court of appeals for consideration.

## CONCLUSION

For the foregoing reasons, the government's motion for reconsideration [DE 130] is GRANTED IN PART and DENIED IN PART. The Court CERTIFIES its June 8, 2017, order [DE 128] for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The remainder of the proceedings in this case are STAYED pending the appeal. The clerk is DIRECTED to remove this case from the Court's active docket pending further order of this Court lifting the stay following decision by the court of appeals.

SO ORDERED, this _10_ day of October, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE